William H. Beaver, Trustee for Sarah J. Slear, *v.*
George M. Slear.

*Judgment—Opening judgment—Interest—Husband and wife.*

A judgment note for borrowed money payable one day after date was
given by a husband to a trustee for his wife; the wife lived with the hus-
band seventeen years after the date of the note; there was no agreement
as to the payment of interest; the wife's declarations that she did not claim
interest were proved.   After the wife's death the trustee entered judg-
ment on the note including interest from its date.   The court below opened
the judgment, and directed a feigned issue to try how much was due on
the note.   *Held*, that there was no such abuse of discretion as would justify
the supreme court in reversing the decree.

Argued May 15, 1895.   Appeal, No. 445, Jan. T., 1895, by
plaintiff, from order of C. P. Union Co., Dec. T., 1893, No. 126,
making absolute a rule to open judgment.   Before STER-
RETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.   Af-
firmed.

Rule to open judgment.

From the record it appears that in 1876 plaintiff received
from his wife $1,163, which he used in paying off charges upon
his farm.   He gave a judgment note for $1,200, payable one
day after date to a trustee for his wife.   No agreement was
made as to interest, and declarations of the wife offered in evi-
dence showed that she did not claim any.   To one witness she
said that she thought that when a man and a woman were liv-
ing together, it was not right for a man to pay a woman in-
terest for money that they had in a farm together.   Mr. Slear
and his wife continued to live together until the date of his
wife's death, Nov. 1, 1893.   After the death of the wife her
brother, the trustee named in the note, entered judgment
on the note with interest from one day after its date, viz,
April 3, 1876.

The court made absolute a rule to open the judgment, and ordered a feigned issue to try how much was due on the note.

*Error assigned* was above order.

*J. M. Linn, P. B. Linn* with him, for appellant.—On obliga-
tions in writing for sums payable upon demand, or upon a day certain, interest is payable, if payment of the principal sum is not made at the time agreed upon : Jacobs v. Adams, 1 Dallas, 52 ; Pawling v. Pawling, 4 Yeates, 225; Dilworth v. Sinder-ling, 1 Binn. 488.

Interest is chargeable in implied contracts, on bills and notes, if payable at a future day certain, after they become due : 1 Bou-vier's Inst. 455, sec. 1107; Randolph on Commercial Paper, sec. 1709 ; Kittel's Est., 156 Pa. 445 ; Hauer's Est., 140 Pa. 420 ; Bachman v. Killinger, 55 Pa. 414 ; Williams' App., 47 Pa. 307; Wormley's Est., 137 Pa. 101 · Hamill's App., 88 Pa. 363 ; Grabill v. Moyer, 45 Pa. 530.

If it was error to open the judgment upon the facts as they stood when the order was made, it was error to submit the case to the jury : English's App., 119 Pa. 533 ; Knarr v. Elgren, 9 Atl. Rep. 875 ; Scott's App., 123 Pa. 155 ; Jenkintown Nat. Bank's App., 124 Pa. 337.

*Joseph C. Bucher* and *Andrew A. Leiser,* for appellee, were not heard, but cited in their printed brief, on the question of a stipulation necessary to bind husband to pay interest to his wife : Towers v. Hagner, 3 Whart. 48 ; Reber's Est., 143 Pa. 308 ; May v. May, 62 Pa. 206 ; Gochenaur's Est., 23 Pa. 460 ; Mellinger v. Bausman, 45 Pa. 522.   The burden of proof is on the wife to show that the interest was not intended as a gift : McGlinsey's App., 14 S. & R. 64 ; Edward v. Cheyne, L. R. 13 App. 385 ; In re Flamank, L. R. 40 Ch. Div. 461 ; Moore's Est., 47 Pa. 307 ; Com. v. Vanderslice, 8 S. & R. 452 : Wil-liams' App., 47 Pa. 307 ; Bown v. Morange, 108 Pa. 69 ; Moore v. Moore, 165 Pa. 464.   Whether the judgment should be opened or not was a matter in the sound discretion of the court below, with which the Supreme Court will not interfere when the dis-cretion has not been abused : Earley's App., 90 Pa. 321 ; Her-man v. Rinker, 106 Pa. 121 ; Sossong v. Rosar, 112 Pa. 197 ;

Woods v. Irwin, 141 Pa. 278; Kneedler's App., 92 Pa. 428; Wise's App., 99 Pa. 193; Wernet's App., 91 Pa. 319; Jenkintown Nat. Bank's App., 124 Pa. 337; Kelber v. Plow Co., 146 Pa. 485; Com. v. Titman, 148 Pa. 168; Walter v. Fees, 155 Pa. 55.

PER CURIAM, May 27, 1895:

While we cannot assent to the proposition that, in a case such as this, the burden is on the plaintiff to show affirmatively that the defendant agreed to pay interest from the maturity of his note, we are not prepared to say, in view of the facts and circumstances of the case, that the court erred in opening the judgment and letting the defendant into a defense. There was no such abuse of discretion as would justify us in reversing the decree complained of.

Decree affirmed and appeal dismissed with costs to be paid by appellant.